MICHAEL A. SWEET (SBN 184345)
msweet@foxrothschild.com
JACK PRAETZELLIS (SBN 267765)
jpraetzellis@foxrothschild.com
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, California 94104
Telephone:    (415) 364-5540
Facsimile:    (415) 391-4436

Attorneys for E. Lynn
Schoenmann, Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ARTEM KOSHKALDA,<br><br>    Debtor. | Case No. 18-30016-HLB<br><br>Chapter 7<br><br>**APPLICATION FOR 2004 ORDER FOR DEBTOR'S DEPOSITION AND DEBTOR'S PRODUCTION OF DOCUMENTS** |

E. Lynn Schoenmann, Trustee ("Trustee") of the Estate of Artem Koshkalda, Debtor ("Debtor"), hereby applies *ex parte* to the Court, pursuant to Bankruptcy Rule 2004 ("Rule 2004"), for the following:

1.     An order permitting the Trustee to serve upon Debtor a subpoena for production of the documents and electronically stored information specified in **Exhibit A**.

2.     An order permitting the Trustee to serve upon the Debtor a subpoena for the Debtor's deposition.

**APPLICABLE LAW**

Rule 2004 provides in pertinent part as follows:

(a)    Examination on Motion.  On motion of any party in interest, the court may order the examination of any entity.

(b)    Scope of Examination.  The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to

a discharge . . . .

       (c)     Compelling Attendance and Production of Documents. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

       (d)     Time and Place of Examination of Debtor. The court may for cause shown and on terms as it may impose order the debtor to be examined under this rule at any time or place it designates, whether within or without the district wherein the case is pending.

The Trustee seeks to compel the Debtor's production of documents and deposition because, as explained, infra, the Debtor has information and documents the Trustee requires to administer this case.

Furthermore, Local Bankruptcy Rule 2004-1(a) provides that the Clerk may issue an order granting a 2004 application ex parte and without notice:

    (a) Issuance of Order.

The Clerk may issue on behalf of the Court, ex parte and without notice, orders granting applications for examination of an entity pursuant to Bankruptcy Rule 2004(a).

## BASIS FOR REQUEST FOR 2004 ORDER

**A.**    **Debtor's Production of Documents**

The Trustee conducted a continued 341 Meeting of Creditors on June 5, 2018 (the "341 Meeting"). During the 341 Meeting the Debtor was asked to provide his email communication with Mariia Kravchuk ("Mariia"), Adriy Kravchuk aka Andriy Kravchuk aka Andrey Kravchuk ("Adriy"), and email concerning his business operations. This was a follow up to the line of questioning from the 341 meeting held on May 22, 2018, at which he agreed to provide emails with Mariia. The Debtor refused to voluntarily provide these documents. The Debtor also refused to agree to provide assurances that he would not delete email. (Declaration of Michael A. Sweet in Support of Application for 2004 Order for Debtor's Deposition and Production of Documents ["Sweet Decl."] ¶ 2.)

At the June 5, 2018 341 Meeting, the Debtor was asked when the last time received an email,

or otherwise communicated with Mariia. The Debtor testified that he could not recall, but that he had not recently communicated with her. This testimony is untrue. The Trustee obtained an email dated May 24, 2018 from Mariia (mariiakravchuk90@gmail.com), to his client, with a copy to artemkoshkalda@gmail.com, the known email address for the Debtor. The Debtor was shown the email and testified that he did not recognize it and could not be sure he received it. (Sweet Decl. ¶ 3; *id.* at Ex. 1.) To be clear, this email came in only two days after the Debtor agreed at his prior 341 session to provide emails involving Mariia.

The Trustee requires the materials in Exhibit A to administer the Debtor's estate. Among other things, the Trustee is attempting to obtain contact information for Mariia and Adriy and to determine the state of the ownership of the limited liability company Sancase, LLC, and to otherwise recreate and unscramble the Debtor's financial affairs.

It is clear that the Debtor has not committed to preserving the evidence relative to these individuals and this businesses. Indeed, when asked on June 5 if he would agree not to delete emails to/from Mariia/Adriy pending this 2004 application/order, he refused. Accordingly, the Trustee seeks the Debtor produce a broad swath of information before he has the opportunity to delete it.

### B. Debtor's Deposition

The Trustee also seeks the Debtor's deposition. During the several 341 meetings in this case, the Debtor largely refused to directly answer simple questions about his business, his business associates, and his assets. Indeed, although the 341 meeting has been conducted and continued several times, the Trustee still has not been able to obtain straight answers from the Debtor to numerous questions about his assets and his businesses. At this point, the Trustee believes the Debtor should be sworn with a court reporter so that any continued refusal to testify honestly and directly can be brought to the Court's attention. (*See* Sweet Decl. ¶ 4.)

WHEREFORE, the Trustee respectfully prays that an Order be entered permitting the

///

///

///

///

Trustee to serve a subpoena for the Debtor's deposition and for production of documents listed in **Exhibit A** hereto.

Dated: June 11, 2018.                FOX ROTHSCHILD LLP`

By */s/ Michael A. Sweet*
   Michael A. Sweet
Attorneys for Trustee E. Lynn Schoenmann