Gregory A. Rougeau (194437)
BRUNETTI ROUGEAU LLP
235 Montgomery Street, Suite 410
San Francisco, California 94104
Telephone: (415) 992-8940
Facsimile: (415) 992-8915
E-mail: grougeau@brlawsf.com

Counsel for ARTEM KOSHKALDA
Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 18-30016-HLB |
| ARTEM KOSHKALDA, | Chapter 7 |
| Debtor. | Adv. Proc. No.: 18-03020 |
| SEIKO EPSON CORPORATION and EPSON AMERICA, INC., | **DEBTOR ARTEM KOSHKALDA'S OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO EXTEND DEADLINE TO OBJECT TO DISCHARGE** |
| Plaintiffs, | |
| v. | Hearing: |
| ARTEM KOSHKALDA, an individual, | Date: August 2, 2018<br>Time: 10:00 a.m.<br>Place: Courtroom 19<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br>Judge: Hon. Hannah L. Blumenstiel |
| Defendant. | |

ARTEM KOSHKALDA, the debtor and defendant herein (the "Debtor" or "Defendant"), respectfully submits this Opposition to the Motion To Extend Deadline To Object To Debtor's Discharge (the "Motion) filed by E. Lynn Schoenmann, the Chapter 7 Trustee herein (the "Trustee").

**INTRODUCTION**

The Trustee's Motion should be denied, or, at the very least, limited. By filing her Motion, the Trustee has, by default, already obtained an extension of time of over a month to object to the Debtor's discharge. The Debtor has now sat for *three* Section 341 meetings of creditors, is scheduled to attend a Rule 2004 examination on July 23, 2018, and is scheduled to sit for a fourth meeting of creditors on August 28, 2018. Nearly 1,500 pages of documents concerning the Debtor's prepetition income taxes, his real properties, and his lawsuits, have been turned over to the Trustee- everything the Debtor has.

Notably, what has *not* been turned over to the Trustee are a number of prepetition bank records for the Debtor and his limited liability companies. As has been stated to the Trustee and her counsel from the outset of this case, though (and not to mention during each of the three Section 341 meetings the Debtor has attended), the Debtor cannot produce what he does not have: as a result of the various Seizure Orders entered in the Nevada Infringement Action, he has not had electronic access to his prepetition accounts, or those of his LLC's, for nearly a year. He has- at the suggestion of Trustee's counsel- even visited branch offices where he maintained accounts, to determine how information from those accounts might be obtained, or the accounts turned over to the Trustee, to no avail. The Trustee is thus well aware why the Debtor has not been able to turn over account information, and has been so aware from the outset of her appointment. The Trustee may style the Debtor's inability to fully provide documents, or his inability to fully respond to questions posed to him by the Trustee regarding his prepetition assets, as "uncooperative" or "untruthful," but nothing could be further from the truth.

Notwithstanding that the Trustee was advised from the outset of this case that the Debtor could not access much of his prepetition financial information due to the Nevada Seizure

1
OPPOSITION

Orders, the Trustee waited until June 14, 2018- just over *two weeks* before the deadline to object to Debtor's discharge- to seek production of documents from the prepetition financial institutions, via Rule 2004. The Trustee effectively put herself in a position to not be able to timely object to the discharge.

The law is clear that relief from the deadline to object to a Debtor's discharge under FRBP 4007 may only be granted for cause, and that the movant have exercised due diligence in seeking appropriate information before requesting an extension. It has been more than four months since the Trustee was appointed, and nearly five months will have passed by the time the Court hears the Motion; the Trustee here has not exercised due diligence in investigating the Debtor in this case, and cause does not exist to extend the deadline. The Motion should be denied.

## STATEMENT OF FACTS

The background concerning the Infringement Action commenced against the Debtor by Seiko Epson Corporation and Epson America, Inc. (collectively, "Epson"), and the impact various Seizure Orders had on the Debtor, has been briefed extensively by various parties in this case; accordingly, the Debtor will limit his summation of facts to the Trustee's contention that she has not had adequate opportunity to fully investigate the Debtor's financial affairs. These facts are supported by the Declaration of Artem Koshkalda submitted concurrently herewith.

This case was commenced by the Debtor on January 5, 2018, as a Chapter 11 case.

Following an Initial Debtor Interview with the United States Trustee on January 29, 2018, the Debtor attended his first Section 341 Meeting of Creditors on February 13, 2018.

The case was converted to a Chapter 11 case following a hearing on March 8, 2018.

At the outset of the case, a Dropbox file was created in which the Debtor deposited substantially all of the documents concerning his prepetition financial information, including what account information was available to him, information regarding his properties and those of his LLCs, and other pertinent information. The Dropbox consists of nearly a 1,500 pages of documents, and has periodically been updated to the extent that the Debtor has found more documents. Through both emails and telephone conferences, the Trustee and her counsel were

advised upon their appointment that due to certain Seizure Orders entered in Nevada, the Debtor did not have access to his bank accounts, or even to the renters at the various properties he or his LLCs owned.

The Debtor attended his first Section 341 Meeting of Creditors with the Chapter 7 Trustee on April 24, 2018. He attended a second meeting on May 22, 2018, and a third on June 5, 2018. The Section 341 meetings were replays of one another: the Trustee, through her counsel, requested financial information- particularly concerning the Debtor's bank accounts- that he simply did not have.

The Section 341 meeting on June 5, 2018 was particularly notable. The Trustee's counsel went so far as to ask Mr. Koshkalda such inane questions as: "Do you have a girlfriend?" and "Do you have a boyfriend?" The Trustee's counsel further asked about the names and occupations of the Debtor's parents, his present living arrangements, and other matters that concerned the Debtor's private life, but could not possibly be relevant to the assets and liabilities in this case.

At one point during the June 5, 2018 meeting, Michael Sweet, the Trustee's attorney, confronted (i.e., by throwing a document) the Debtor with a printout of an email that Mr. Sweet contends the Debtor was copied on, ostensibly sent to a property owner by Mariia Kravchuk. That email is referenced in Paragraph 5 of the Declaration of Mr. Sweet in support of the Motion. While it appears that the Debtor may have been copied on an email from an address attributed to Ms. Kravchuk, the Debtor testified that he had not seen the email, to the best of his recollection, and could not recall the last time he was in contact with Ms. Kravchuk.

The Trustee clearly does not believe the Debtor, but the Trustee's doubt about the Debtor's veracity begs the question why the Trustee waited so long to seek to examine the Debtor (none of his answers in his examination will be different from his testimony in the Section 341 meetings), Epson (particularly since Epson itself objected to the Debtor's discharge on May 1, 2018- more than two months ago), or the financial institutions that the Debtor obviously cannot access for prepetition account information.

Case: 18-30016    Doc# 238    Filed: 07/19/18    Entered: 07/19/18 20:58:55    Page 4 of 7

**LEGAL ARGUMENT**

**I. STANDARDS FOR EXTENSION OF THE DEADLINE TO OBJECT TO DISCHARGE.**

Federal Rule of Bankruptcy Procedure 4007(c) provides that an objection to a debtor's discharge "shall be filed no later than 60 days after the first date set for the meeting of creditors," and that on motion of a party in interest, after hearing on notice (and filed before the expiration of the deadline), the Court may *for cause* extend the time fixed to object to a Chapter 7 debtor's discharge.

The relatively brief deadlines for objections relating to chapter 7 relief are there to encourage expeditious administration of the case. The short deadlines "give debtors some degree of certainty in the process of obtaining a discharge." *In re Chamness,* 312 B.R. 421, 423 (Bankr.D.Colo.2004). "A Chapter 7 bankruptcy discharge entitles a debtor to a 'fresh start,' therefore, the debtor has an interest in the prompt resolution of all discharge issues." *In re Davis,* 195 B.R. 422, 424 (Bankr.W.D.Mo.1996) (citation omitted).

The moving party has the burden of proof to show cause to extend the time for matters relating to the debtor's discharge. See *In re Stonham*, 317 B.R. 544, 547 (Bankr.D.Colo.2004) (interpreting the "for cause" exception in Rule 4007(c) which limits the time to file a dischargeability complaint). The movant's burden of proof cannot be "satisfied with only a scintilla of evidence." *Stonham*, 317 B.R. at 547. The movant seeking an extension of time for cause must "establish at least a reasonable degree of due diligence to be accorded the requested extension." *In re Molitor*, 395 B.R. 197, 205 (Bankr.S.D.Ga.2008), (citing *Stonham*, 317 B.R. at 547). In this context, "cause" is not shown when the moving party offers no evidence to show that he or she has *diligently* prosecuted an investigation of the underlying issues and offers no reasonable explanation why that investigation could not be completed within the time allotted. *In re Bomarito*, 448 B.R. 242, 251 (Bankr. E.D. Cal. 2011) (emphasis added).

The power to extend the deadlines prescribed in the Rules "rests entirely within the discretion of the bankruptcy judge and should not be granted without a showing of good cause, and without proof that the creditor acted diligently to obtain facts within the bar date ... but was

4
OPPOSITION

unable to do so." *In re Farhid*, 171 B.R. 94, 96, (N.D.Cal.1994) (citation omitted). The power is to be exercised cautiously and not where lack of diligence by the creditor appears. *Id.*, 171 B.R. at 97 (citations omitted).

Measured against the aforementioned standards for extending the deadline for objecting to Mr. Koshkalda's discharge, the Trustee's Motion falls short. The Motion should either be denied entirely, or any requested extension limited, at the Court's discretion.

## II. THE TRUSTEE HAS NOT SHOWN SUFFICIENT CAUSE TO EXTEND THE DEADLINE FOR THREE ADDITIONAL MONTHS.

As set forth above, the Trustee was appointed more than four months ago, and the extent of her investigation into the Debtor's affairs, until very recently, appears to have been simply demanding documents from the Debtor that the Debtor does not possess as a consequence of the Seizure Orders, and conducting serial Section 341 meetings. *Nowhere* in the Trustee's Motion does the Trustee allude to any other actions she has taken, in sufficient time to fully assess the Debtor's prepetition affairs.

Notably- despite the Trustee's obvious disbelief of the Debtor's contention that he cannot produce what he does not have, and despite knowing the various financial institutions with whom the Debtor and his companies maintained prepetition bank accounts from the outset of her appointment, and despite knowing that Epson had objected to the Debtor's discharge well over two months ago- it was not until June 14, 2018 that the Trustee lifted a finger to seek this Court's permission to examine the prepetition financial institutions maintained by the Debtor and his companies. There is no conceivable reason that the Trustee waited so long to seek independent information in this case under a subpoena, when the Debtor's testimony has been consistent: he cannot access his prepetition accounts due to the Seizure Orders previously entered against him. The Trustee waited too long to undertake any sort of real investigation here, and now wants the Court to bail her out. The Court should decline to do so.

Simply put, the Trustee has utterly failed to sustain her burden of demonstrating that she has exercised due diligence in investigating the issues underlying a possible objection to the Debtor's discharge, and has offered no reasonable explanation why that investigation could not

5
OPPOSITION

be completed within the time allotted. It is not as if the Trustee can feign surprise that she was facing a deadline to fully assess what happened in this case, prepetition.

## **CONCLUSION**

The Debtor fully understands that this is an usual case, in that his access to information has been impaired by virtue of the Nevada Seizure Orders. But the Trustee has known that from the start. She should not be permitted to parlay her inaction as to third party discovery to an extension of more than three months (i.e., nearly seven months from her appointment) to object to the Debtor's discharge. The deadline for objections to discharge exist for a reason, and the Court should not dispense with that deadline, under the facts of this case, to the prejudice of the Debtor. The Motion should be denied, or more narrowly tailored by the Court to afford substantial justice to both parties.

DATED: July 19, 2018          BRUNETTI ROUGEAU LLP

By:    */s/ Gregory A. Rougeau*
       Gregory A. Rougeau
       Counsel for ARTEM
       KOSHKALDA, Debtor