MICHAEL A. SWEET (SBN 184345)
msweet@foxrothschild.com
JACK PRAETZELLIS (SBN 267765)
jpraetzellis@foxrothschild.com
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, California 94104
Telephone:     (415) 364-5540
Facsimile:     (415) 391-4436

Attorneys for E. Lynn
Schoenmann, Trustee

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ARTEM KOSHKALDA,<br><br>       Debtor. | Case No. 18-30016-HLB<br><br>Chapter 7<br><br>**APPLICATION FOR BANKRUPTCY RULE 2004 EXAMINATION OF CERTAIN LAW FIRMS, MARIIA KRAVCHUK AND VARIOUS BANKS FOR PRODUCTION OF DOCUMENTS RELATED TO THE PAYMENT OF DEBTOR'S LEGAL FEES** |

   E. Lynn Schoenmann, Trustee of the estate ("Estate") of the above-named debtor ("Debtor" or "Koshkalda"), hereby applies *ex parte* to the Court, pursuant to Bankruptcy Rule 2004 ("Rule 2004") and Bankruptcy Local Rule 2014-1(a), for the following:

   An order permitting the Trustee to serve subpoenas for production of documents upon Brunetti Rougeau LLP, Jeffer Mangels Butler & Mitchell LLP, Rimon, P.C., Law Office of Alex Gortinsky, Reallaw, A Professional Corporation (the "Law Firms"), Wells Fargo Bank, Mariia Kravchuk, AIIRAM, LLC, and any bank where Ms. Kravchuk or AIIRAM, LLC has accounts (the "Banks"). A subpoena for the production of documents from the Law Firms and Ms. Kravchuk/AIIRAM, LLC is attached as **Exhibit A**. A subpoena for the production of documents from the Banks is attached as **Exhibit B**.

1

# APPLICABLE LAW

Rule 2004 provides in pertinent part as follows:

    (a)    Examination on Motion.  On motion of any party in interest, the court may order the examination of any entity.

Scope of Examination.  The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . .

    (b)    Compelling Attendance and Production of Documents.  The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.  As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

    (c)    Time and Place of Examination of Debtor.  The court may for cause shown and on terms as it may impose order the debtor to be examined under this rule at any time or place it designates, whether within or without the district wherein the case is pending.

Bankruptcy Local Rule 2004-1(a) provides that the Clerk may issue an order granting a 2004 application ex parte and without notice:

    (a)  Issuance of Order.

    The Clerk may issue on behalf of the Court, ex parte and without notice, orders granting applications for examination of an entity pursuant to Bankruptcy Rule 2004(a).

## BASIS FOR REQUEST FOR RULE 2004  EXAMINATION

### Ms. Kravchuk's Payment of Koshkalda's Legal Bills

The Trustee conducted an initial session of a Rule 2004 examination of the Debtor on July 23, 2018.  At that session the Debtor revealed that Ms. Kravchuk (some or all through her company AIIRAM, LLC[1]) has paid over $200,000 in legal bills for him since this bankruptcy case commenced.  The Debtor would not provide the terms under which she made payments.

Based on the Trustee's research into Ms. Kravchuk, this individual about whom the Debtor has provided only scant information, lives in Ukraine or Russia and for her occupation appears to

---

[1] "AIIRAM" is Mariia spelled backwards.

2

offer services as a website developer at a rate of about $25 per hour. The Trustee has seen no indication that she has personal assets sufficient to fund these payments on her own. In fact, early in this bankruptcy case when the Debtor failed to close on several real estate transactions where she was also on contract as a purchasing party, Ms. Kravchuk – though she sent emails indicating that she intended to go forward with the purchases – was unable to come up with the funds necessary to consummate the purchases.

It is the Trustee's hypothesis that Ms. Kravchuk is holding Estate funds and spending them at the direction of the Debtor. The circumstantial evidence in support of the Trustee's hypothesis includes the following:

(1) The Debtor's testimony regarding Ms. Kravchuk's arrangement to pay his legal bills is not credible. He testified that he would pay her back and that paying her back wasn't "the whole arrangement" but he did not recall the "whole arrangement." Furthermore, he was generally unable to answer questions about the arrangement or his communication with Ms. Kravchuk. Excerpts of this testimony are attached as **Exhibit C**.

(2) In connection with his entering into a purchase agreement for a new condo unit in San Francisco, the Debtor submitted to 1000 Channel Street (SF) Owner, LLC, an account certificate dated November 3, 2016, for an account at Privat Bank (a non-US bank) showing a balance of $1.7 million (the Trustee understands this document was previously produced to Epson by 1000 Channel Street in connection with the Nevada litigation). A copy of this document is attached as **Exhibit D**. The Debtor testified he did not recall anything about the Privat Bank account (see Exhibit C at 221:12-222:13; 224:10-21). One of the Debtor's LLCs is named Privat Group.

The targets for the Trustee's Law Firm subpoenas are as follows: Brunetti Rougeau LLP (Debtor's counsel), Jeffer Mangels Butler & Mitchell LLP (ART LLC special counsel), Rimon, P.C. (ART LLC bankruptcy counsel), Law Office of Alex Gortinsky (Debtor's personal counsel in connection with litigation he engaged in with his HOAs and litigation against the City and County of San Francisco), Reallaw, A Professional Corporation (Debtor's counsel in the now-dismissed *Koshkalda v. Epson* action improperly filed in the Central District of California).

///

3

The materials identified in **Exhibits A** and **Exhibit B** will assist the Trustee in efforts to trace – and potentially recover – Estate funds.

The Trustee requires the materials in **Exhibit A** and **Exhibit B** to administer the Debtor's Estate. Among other things, the Trustee is attempting to locate over $1 million that the Debtor appears to have earned in the sales of real estate during the year preceding his bankruptcy filing. The information sought from the Law Firms, Ms. Koshkalda, and the Banks may lead to those funds.

WHEREFORE, the Trustee respectfully requests that an Order for Rule 2004 Examination be entered permitting the Trustee to serve subpoenas for production of documents based on the listing provided on **Exhibit A** and **Exhibit B**.

Dated: July 31, 2018.

FOX ROTHSCHILD LLP`

By */s/ Michael A. Sweet*
    Michael A. Sweet
    Attorneys for Trustee E. Lynn Schoenmann

4