Stephen J. Kottmeier (State Bar No. 077060)
Monique D. Jewett-Brewster (State Bar No. 217792)
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Attorneys for Creditor
5 Arch Funding Corp. and its Affiliates

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re Artem Koshkalda, an individual,<br><br>Debtor. | CASE NO. 18-30016-HLB<br><br>CHAPTER NO. 7<br><br>R.S. No. MJB-1<br><br>**CREDITOR 5 ARCH FUNDING CORP. AND ITS AFFILIATES' RESPONSE TO TRUSTEE'S PRE-HEARING STATEMENT [DKT. NO. 332]**<br><br>Date: September 13, 2018<br>Time: 10:00 a.m.<br>Courtroom: 19<br>Judge: Hon. Hannah L. Blumenstiel |

Secured creditor 5 ARCH FUNDING CORP. AND ITS AFFILIATES (collectively, "Creditor") submits this response ("Response") to *Trustee's Pre-Hearing Statement Advising the Court and Other Parties in Interest as to the Status of Efforts to Sell the Real Properties Subject to Relief from Stay Motion Filed by 5 Arch Funding Corp.* [Dkt. No. 332] ("Trustee's Statement") filed on September 6, 2018, and in support thereof, respectfully represents as follows:

///

///

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • PALO ALTO

853\3111003.3

CREDITOR 5 ARCH FUNDING CORP. AND ITS AFFILIATES' RESPONSE TO TRUSTEE'S PRE-HEARING STATEMENT [DKT. NO. 332]

Case: 18-30016   Doc# 336   Filed: 09/12/18   Entered: 09/12/18 11:09:30   Page 1 of 5

## I.

## CREDITOR'S EVALUATION OF TRUSTEE'S STATEMENT

Since Creditor's *Motion for Order (I) Granting Relief from the Automatic Stay; and (II) Confirming Automatic Stay Not in Effect* [Dkt. No. 85] ("Motion") came on for hearing on May 3, 2018, Chapter 7 Trustee E. Lynn Schoenmann ("Trustee") has had **over four (4) months** to sell the seven properties constituting Creditor's collateral (collectively, the "Properties"). According to the Trustee's Statement, during that over 120-day period, the Trustee (i) has managed to sell only **two** of the seven Properties, and (ii) is not in contract to sell *any* of the remaining Properties. Notwithstanding this passage of time, the Trustee also has failed to obtain the Court's authority for the estate to sell the three Properties which Debtor Artem Koshkalda ("Debtor") – the two Franklin Street units and one Portrero unit – transferred to Sancase, LLC ("Sancase") pre-petition without Creditor's knowledge or approval. The Court has not yet ruled that these three Properties may be sold as property of the Debtor's estate; and one, the unit located at 11 Franklin #205, was not listed on the MLS until as recently as August 18, 2018.

While Trustee's Statement is long on "status" of the Trustee's efforts to sell the Properties, it is entirely devoid of any discussion of the continued risk that Creditor stands to bear while Trustee would continue to try to sell the Properties. Attached hereto as **Exhibit 1** is an updated loan summary showing the outstanding principal, accrued interest, and fees and charges for each of the unsold Properties (the "Updated Loan Summary"). Of particular relevance, this Updated Loan Summary also shows the "Excess Equity" which apparently existed in each of the five Properties as of May 3, 2018, as well as the equity lost after that date in each of the unsold Properties. This analysis assumes that the Trustee's valuation of the remaining units is correct, a highly questionable assumption given the Trustee's inability to sell any of these units.

Even with this unwarranted assumption, the Updated Loan Summary demonstrates that the two 11 Franklin units are now wholly underwater by the Trustee's own calculations. As a result, the Trustee's sale of these two Properties is unlikely to generate any monies for the estate. Furthermore, the remaining units are perilously close to being underwater. Interest and fees continue to accrue each day while Creditor is denied the opportunity to exercise its power of sale

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

853\3111003.3 - 2 -
CREDITOR 5 ARCH FUNDING CORP. AND ITS AFFILIATES' RESPONSE TO TRUSTEE'S PRE-HEARING STATEMENT [DKT. NO. 332]

Case: 18-30016   Doc# 336   Filed: 09/12/18   Entered: 09/12/18 11:09:30   Page 2 of 5

remedy. No basis remains to keep the stay in place.

## II.

## CREDITOR'S PROPOSED REMEDY

Creditor respectfully submits that due to the Trustee's failure to sell the remaining Properties, the Court should modify the automatic stay of Section 362(a) of the Bankruptcy Code to permit Creditor to record its Notices of Trustees' Sales for the five Properties and proceed with nonjudicial sales. This relief will allow the Trustee at least twenty-one additional days to enter into contract on any of the Properties for a sale that will pay Creditor's outstanding principal and accrued interest in full. In the event that the Trustee enters into such a reasonable contract during the pendency of any Notice of Sale, Creditor can postpone its sale to allow Trustee to expeditiously close any contemplated sale. The rapidly diminishing equity in the Properties, to the extent that any Excess Equity even remains, warrants this relief.

Creditor respectfully reiterates that the Loans are not cross-collateralized, so any excess equity in one property cannot be applied to protect against the diminution of value of any other of Creditor's collateral. Furthermore, Creditor has not received any adequate protection payments on the matured Loans, so debt is accruing daily. Providing the Trustee with any additional time to sell the remaining five Properties results in Creditor continuing to bear all the risk of loss on these units, to its detriment. For this reason, relief from stay should be granted.

Dated: September 12, 2018

Respectfully submitted,

HOPKINS & CARLEY
A Law Corporation

By: /s/ *Monique D. Jewett-Brewster*
Stephen J. Kottmeier
Monique D. Jewett-Brewster
Attorneys for Creditor 5 Arch Funding
Corp. and its Affiliates

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • PALO ALTO

853\3111003.3

- 3 -

CREDITOR 5 ARCH FUNDING CORP. AND ITS AFFILIATES' RESPONSE TO TRUSTEE'S PRE-HEARING STATEMENT [DKT. NO. 332]

Case: 18-30016   Doc# 336   Filed: 09/12/18   Entered: 09/12/18 11:09:30   Page 3 of 5

# EXHIBIT 1

**KOSHKALDA**

| FCI Loan Number | XXXXX0881 | XXXXX3362 | XXXXX3503 | XXXXX6083 | XXXXX0553 |
|---|---|---|---|---|---|
| Address | 401 Harrison Street #4D | 11 Franklin Street #205 | 38868 Thimbleberry Pl. | 11 Franklin Street #502 | 338 Potrero Avenue #402 |
| City/State | San Francisco, CA | San Francisco, CA | Newark, CA | San Francisco, CA | San Francisco, CA |
| Origination Date | 8/30/2016 | 9/9/2016 | 9/30/2016 | 10/31/2016 | 12/19/2016 |
| Maturity Dte | 9/1/2017 | 10/1/2017 | 10/1/2017 | 11/1/2017 | 1/1/2018 |
| NOD Recorded | 10/17/2017 | 12/14/2017 | 11/27/2017 | 12/6/2017 | 11/27/2017 |
| Principal Balance | 564,402.72 | 490,000.00 | 616,172.00 | 511,200.00 | 511,200.00 |
| Accrued interest | 109,353.02 | 95,060.00 | 119,229.29 | 99,172.80 | 99,172.80 |
| Fees and charges | 14,315.56 | 12,526.97 | 13,153.46 | 13,713.50 | 14,372.85 |
| (Less-suspense funds) | - | (3,675.00) | (4,621.29) | (3,834.00) | (3,834.00) |
| Total due as of 9/13/18 | 688,071.30 | 593,911.97 | 743,933.46 | 620,252.30 | 620,911.65 |
| Trustee Estimated Values | 829,000.00 | 650,000.00 | 899,000.00 | 675,000.00 | 750,000.00 |
| Less-Sales costs at 8% | (66,320.00) | (52,000.00) | (71,920.00) | (54,000.00) | (60,000.00) |
| Less-Delinquent property taxes | (12,735.00) | (14,524.00) | (30,221.00) | (13,730.00) | (13,640.00) |
| Net Sales Proceeds | 749,945.00 | 583,476.00 | 796,859.00 | 607,270.00 | 676,360.00 |
| Excess equity | 61,373.70 | (10,435.97) | 52,925.54 | (12,982.30) | 55,448.35 |
| Monthly Interest Accrual | 8,466.04 | 7,350.00 | 9,242.58 | 7,668.00 | 7,668.00 |
| "Excess equity" 5/3/18 | 102,537.30 | 24,623.34 | 107,969.54 | 24,270.10 | 103,677.66 |
| Equity loss from 5/3/18 | (40,763.60) | (35,059.31) | (55,044.00) | (37,252.40) | (48,229.31) |

9/12/2018 9:37

Case: 18-30016    Doc# 336    Filed: 09/12/18    Entered: 09/12/18 11:09:30    Page 5 of 5