Artem Koshkalda
3408 Chitgar Place,
San Jose, CA 95117

*Pro Se*

FILED
NOV - 6 2018
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ARTEM KOSHKALDA,<br><br>Debtor. | Case No. 18-30016-HLB<br><br>Chapter 7<br><br>**REQUEST FOR A FULL ANALYSIS OF THE EFFECT OF NEW APPROACH BY MR. CROM ON ALL SOLD/UNSOLD 13 PROPERTIES OF DEBTOR'S ESTATE**<br><br>Hearing:<br>Date: December 4, 2018<br>Time: 10:00 a.m.<br>Place: Courtroom 19<br>      450 Golden Gate Avenue<br>      San Francisco, CA 94102<br>Judge: Hon. Hannah L. Blumenstiel |

ARTEM KOSHKALDA, the debtor herein ("Debtor"), respectfully submits his Request For A Full Analysis Of The Effect Of New Approach By Mr. Crom On All Sold/Unsold 13 Properties Of Debtor's Estate ("Estate").

**INTRODUCTION AND SUMMARY OF FACTS**

Debtor's Estate had 13 real estate properties on the moment of conversion of a Chapter 11 bankruptcy case to a Chapter 7 bankruptcy case. Trustee E. Lynn Schoenmann was appointed as a Chapter 7 Trustee ("Trustee").

On March 20, 2018, Trustee filed her application to employ Bachecki, Crom & Co., LLP as accountant ("Accountant"). On April 3, 2018, Court approved employment of Trustee's Accountant.

In first Monthly Operation Report ("MOR"), Trustee estimated between $1.5 and $2 million of value before certain expenses (such as costs of sale, HOA fees and property taxes) to Estate from the sale of all thirteen real estate properties. (Docket No. 129, page 4).

In Trustee's opposition ("Opposition") to Debtor's motion ("Motion") to compel abandonment of eight real estate properties, Trustee did not dispute that $1.5-$2 million estimate was based on mathematically incorrect calculations (see Motion, page 3, lines 16-22).

Trustee sold five out of thirteen real estate properties for the total equity of $338,928.63 to Estate instead of $1.5-$2 million estimated by Trustee before certain expenses.

On November 1, 2018, it has been revealed by Mr. Crom, accountant of Trustee, that based on recent analysis made on October 31st, 2018 there is a potential benefit to Estate for CA tax savings for more than $300,000 for abandonment of *three california properties* and *five Miami Properties* if properties would be foreclosed rather than abandoned with a benefit to the Estate on the amount of $4,000 offered by Debtor.

Trustee *never presented* to Court such analysis by Mr. Crom during the sale of 5 *sold* properties:

1. Court approved the sale of 388 Fulton. Escrow closed on July 26, 2018. Estate benefited from sale on the amount of $19,860.45 instead of $105,000 estimated by Trustee before certain expenses in Trustee's first MOR;

2. Court approved the sale of Harrison 4A. Escrow closed on August 28, 2018. Estate benefited from sale on the amount of $152,170.48 instead of $300,000 estimated by Trustee before certain expenses in Trustee's first Monthly Operating Report ("MOR");

3. Court approved the sale of Harrison 4D. Escrow closed on October 30, 2018. Estate benefited from sale on the amount of $14,644.78 instead of $254,000 estimated by Trustee before certain expenses in Trustee's first Monthly Operating Report ("MOR");

4. Court approved the sale of 38868 Thimbleberry pl. Escrow closed on November 1, 2018. Estate benefited from sale on the amount of $59,742.24 instead of $249,000 estimated by Trustee before certain expenses in Trustee's first Monthly Operating Report ("MOR");

5. Court approved the sale of 338 Potrero. Escrow closed on November 1, 2018. Estate benefited from sale on the amount of $63,860.68 instead of $220,000 estimated by Trustee before certain expenses in Trustee's first Monthly Operating Report ("MOR");

Debtor requested Trustee to provide explanations on:
why accountant did not perform good enough analysis at first and then needed additional one? Was the Trustee aware of accountant doing a *lazy job*? If she was did Trustee approve such an approach? Has that approach in doing accountant's job been applied to any other tasks *in this case* by Trustee so I would know what else needs a revision. (Debtor's email to Trustee's counsel from November 2, 2018 attached hereto in Exhibit 1)

Trustee did not answer any of those questions in her Reply. (Trustee's counsel reply to Debtor's from November 2, 2018 attached hereto in Exhibit 1)

On November 2, 2018, Court ordered:
On or before November 23, 2018 the Trustee shall file a supplemental declaration from Mr. Crom updating his analysis of the tax implications from the foreclosure or abandonment of the properties that are the subject of the motion. (Docket No. 410)

2
Case: 18-30016  Doc# 421  Filed: 11/06/18  Entered: 11/06/18 12:47:41  Page 3 of 9
REQUEST FOR A FULL ANALYSIS

# REQUEST

Debtor requests the Court to compel Trustee to make analysis *not just for unsold yet properties*, but for *all sold and unsold properties* in order to see the effect of *new analysis* on the whole benefit to Estate and to explain how foreclosure of five Miami properties can affect CA tax benefits.

DATED: November 6, 2018

*Pro Se*

By: /s/ *[signature]*
Artem Koshkalda,
Debtor

# EXHIBIT 1

 Gmail             Artem Koshkalda &lt;artemkoshkalda@gmail.com&gt;

# Re: Abandonment Motion - proposal to continue hearing date AND A PROPOSITION to abandon 5 ARCH claim.

**Sweet, Michael A.** &lt;MSweet@foxrothschild.com&gt;        Fri, Nov 2, 2018 at 3:59 PM
To: Artem Koshkalda &lt;artemkoshkalda@gmail.com&gt;

Dear Mr. Koshkalda,

I am writing to let you know that the Court has continued the hearing on your motion to compel abandonment of real property. Since you are not on ECF I am providing a copy of the entered order for your reference (attached).

You will note that Judge Blumenstiel has asked Mr. Crom to provide further analysis on the tax implications of abandonment. In connection with that we are requesting that you provide a copy of your 2017 State of California tax return and let us know the date that it was filed. Can you please do that in the next few days?

Thanks.

## Michael Sweet, Partner • Fox Rothschild LLP

| 345 California Street | 10250 Constellation Blvd. |
|---|---|
| Suite 2200 | Suite 900 |
| San Francisco, CA 94104 | Los Angeles, CA 90067 |

(415) 364-5560 - direct

(415) 359-7933 - mobile
MSweet@foxrothschild.com
www.foxrothschild.com

**From:** Artem Koshkalda <artemkoshkalda@gmail.com>
**Sent:** Friday, November 02, 2018 11:59 AM
**To:** Sweet, Michael A. <MSweet@foxrothschild.com>
**Subject:** [EXT] Re: Abandonment Motion - proposal to continue hearing date AND A PROPOSITION to abandon 5 ARCH claim.

Dear Mr. Sweet,

I am not sure if you need my reply at all as you filed your papers 5 hours after you sent your email to me without waiting for at least 24 hours for me to express my opinion. Looks like it was not intended for my Reply but just for you to follow the required steps.

But anyway here is my take on this.

When you say:

> To ensure you have a full and fair opportunity to respond, we propose a continuance of the hearing on the abandonment motion.

It does sound that Trustee has done everything right and you care about fairness. It also seems that you are trying "to pull a fast one on me" that I have done something wrong.

If I am wrong and I have done something you believe is not right then please specify so I would be able to verify why I am in the position to stipulate for anything in order to "ensure I have a full and fair opportunity to respond." As far as I understand I did everything right, I filed the motion, I waited for your timely opposition and then I sent my timely reply. Explain me If I am wrong. And I think I am secured by Court's rules and regulations so I believe that at best you have to address that to the Court that they are wrong.

If you believe that *you have done something wrong* then I totally did not get that from your letter. I would be willing to consider to stipulate with you if you explain me reasonably that

1) whether it was your fault or you believe that the Court's regulations are not equal for everybody.

2) Explain me how and why that mistake happened. As far as I understand you have a very skillful team that should be able to perform within allocated time. Why those new facts and evidence was not available to you before? You just specify that it wasn't available but you do not say *why* it wasn't. Until you explain *why* it wasn't available I cannot accept your statement that it was.

3) After you explain me previous two points I would be able to make my own judgment according to your request whether it is in my best interest to stipulate with you or not.

The Trustee's accountant has performed additional analysis of the potential tax ramifications of abandonment to the bankruptcy estate. Based on this analysis we plan to file an additional declaration and to supplement our opposition to your abandonment motion

Please explain why accountant did not perform good enough analysis at first and then needed additional one? Was the Trustee aware of accountant doing a *lazy job*? If she was did Trustee approve such an approach? Has that approach in doing accountant's job been applied to any other tasks *in this case* by Trustee so I would know what else needs a revision.

My understanding is that Trustee has been working for years with the same team of accountants, lawyers and a broker.

One more thing.

Since you have stated that you agree with all interests by 5 ARCH and acknowledged that during the hearing

> We've always — we've always been cognizant of this 18-percent interest.
>
> And I should note, Your Honor, the interest rate is good. I understand it was a business decision we have to live with. The rate is what it is. But 5 Arch is doing okay here, and we're not — we're not looking to deprive them of anything. (ref. Transcript of the Hearing 9/13/18 p. 34 lines 14-19)

**Would Trustee be willing to agree to abandonment of all claims against 5 ARCH for all sold and not sold properties to Debtor, so that Debtor would have to seek to compel abandonment with the Court?**

On Thu, Nov 1, 2018 11:44 AM, Sweet, Michael A. MSweet@foxrothschild.com wrote:

> Dear Mr. Koshkalda,
>
> Your motion to compel abandonment of real property is currently set for hearing on November 8, 2018. The Trustee's accountant has performed additional analysis of the potential tax ramifications of abandonment to the bankruptcy estate. Based on this analysis we plan to file an additional declaration and to supplement our opposition to your abandonment motion. To ensure you have a full and fair opportunity to respond, we propose a continuance of the hearing on the abandonment motion.
>
> Please let us know if you will stipulate to have the motion heard on November 29 which is the Court's next available date for a hearing.
>
> Thank you.
>
> Michael Sweet, Partner • Fox Rothschild LLP

| | |
|---|---|
| 345 California Street<br>Suite 2200<br>San Francisco, CA 94104 | 10250 Constellation Blvd.<br>Suite 900<br>Los Angeles, CA 90067 |

(415) 364-5560 - direct

(415) 359-7933 - mobile
MSweet@foxrothschild.com
www.foxrothschild.com

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

With best regards,

Art

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

📎 **Koshkalda - Order continuing hearing on motion to compel abandonment-C1.pdf**
95K