1 MICHAEL A. SWEET (SBN 184345)
msweet@foxrothschild.com
2 JACK PRAETZELLIS (SBN 267765)
jpraetzellis@foxrothschild.com
3 **FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
4 San Francisco, California 94104
Telephone: (415) 364-5540
5 Facsimile: (415) 391-4436

6 Attorneys for
E. Lynn Schoenmann, Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ARTEM KOSHKALDA,<br><br>Debtor. | Case No. 18-30016-HLB<br><br>Chapter 7<br><br>**EX PARTE APPLICATION TO CONTINUE HEARING ON DEBTOR'S MOTION TO DISQUALIFY FOX ROTHSCHILD LLP AND FOR DISGORGEMENT OF FEES**<br><br>Judge: Honorable Hannah L. Blumenstiel |

I. <u>**INTRODUCTION**</u>

E. Lynn Schoenmann (the "Trustee") hereby applies to continue the hearing on the Debtor's Motion to Disqualify Fox Rothschild LLP, etc. (the "Disqualification Motion") [*See* Doc ## 687 to 690] from November 21, 2019 to the Court's next available hearing date, which the Trustee understands is December 3, 2019.

Michael Sweet, lead counsel for the Trustee will be traveling to the East Coast on November 21 and Debtor and moving party, Artem Koshkalda, imposed unreasonable conditions on a stipulated continuance. This Application is brought pursuant to Bankruptcy Local Rule 9006-1 as addressed below:

## II. ARGUMENT

### A. The Reason For The Particular Enlargement Of Time

Mr. Sweet is lead counsel for the Trustee in this Bankruptcy Case. Mr. Sweet will be traveling and in Philadelphia for law firm business on the date Mr. Koshkalda unilaterally selected for the hearing. Declaration of Michael A. Sweet in Support of Application to Continue Hearing on Debtor's Motion to Disqualify, etc. ("Sweet Decl.") ¶ 2. In light of the significant relief[1] sought by the Disqualification Motion, Mr. Sweet would like, if at all possible, to appear in person at the hearing, assuming the Court does not rule on the papers as provided for under Bankruptcy Local Rule 9013-2(a). If the hearing date remains on November 21, Mr. Sweet will arrange to participate at the hearing telephonically and a colleague will appear in person. *Id*.

### B. Previous Time Modifications

No prior time modifications have been requested relating to the subject of this application. Sweet Decl. ¶ 3.

### C. The Effect Of The Requested Time Modification On The Schedule For The Case Or Proceeding

The effect of the requested time modification would be to extend the resolution of the Disqualification Motion from November 21 until the Court elects to hear that motion, presumably by fewer than two weeks. Sweet Decl. ¶ 4. Mr. Koshkalda – as addressed more fully below – has claimed a continued hearing date "is not in the Debtor's best interest." Sweet Decl. ¶ 6 and Exhibit 2.

### D. Efforts To Speak With Mr. Koshkalda And The Reasons Given For His Refusal To Agree To The Request

On Friday November 8, Mr. Sweet wrote the following to the Debtor:

> Regarding the motion to disqualify Fox Rothschild, I am attaching our opposition brief and supporting papers filed yesterday. After reviewing them I hope you will consider withdrawing the motion. If you still want to go forward we request that the hearing on the motion be continued to December 3 as I have a conflict that

---

[1] The Trustee does not intend by this statement to imply the Disqualification Motion has validity, simply that the relief sought, if granted, would be significant.

Case: 18-30016    Doc# 757    Filed: 11/12/19    Entered: 11/12/19 17:34:16    Page 2 of 3

requires me to be out of the area on November 21. We would be happy to prepare a stipulation for a continuance."

Sweet Decl. ¶ 5 and Exhibit 1.

Mr. Koshkalda promptly responded to Mr. Sweet. Mr. Koshkalda conditioned a continuance on the Trustee stipulating to an evidentiary hearing on the motion. Further, Mr. Koshkalda wrote the following:

> [I]t is not in the Debtor's best interest to get the hearing rescheduled because the Debtor is planning to appeal the Bankruptcy Court's decision approving fees for the Chapter 7 Trustee and all other professionals of Koshkdalda's Estate. In order to save time and funds of the Koshkalda's Estate the Debtor wants to include into that appeal the issue of Fox Rothschild LLP's disqualification if it gets denied by the Bankruptcy Court on November 21, 2019 hearing.

Sweet Decl. ¶ 6 and Exhibit 2. The condition imposed by Mr. Koshkalda on the stipulation was not acceptable (further, his position on appealing the interim fee orders appears to lack merit). As a result, the parties did not agree to a stipulated continuance.[2]

### III. CONCLUSION

Counsel for the Trustee will be traveling on the date of the November 21 hearing. Counsel requested Mr. Koshkalda stipulate to continuing the hearing and Mr. Koshkalda imposed unacceptable conditions on a stipulated continuance. Accordingly, the Trustee respectfully requests that if oral argument is necessary for this motion the Court continue the hearing on the Disqualification Motion from November 21, to December 3, or another available date convenient to the Court.

Dated: November 12, 2019                    FOX ROTHSCHILD LLP

                                            By:    */s/Michael A. Sweet*
                                                   Michael A. Sweet
                                                   Attorneys for Trustee, E. Lynn Schoenmann

178114\00001\105006478.v1

---

[2] Several individuals, many of whom the Debtor scheduled as co-debtors on the Epson judgment and none of whom are scheduled as creditors, filed joinders in the Disqualification Motion. [*See, e.g.*, Doc ## 711, 717.] Since Mr. Koshkalda did not agree to the stipulated continuance, the Trustee's counsel did not reach out to the "joining" parties to inquire as to their position with respect to a continuance. Sweet Decl. ¶ 7.