```
 1  ARTEM KOSHKALDA
 2  3408 CHITGAR PLACE,
    SAN JOSE, CA, 95117
 3  artemkoshkalda@gmail.com

 4  PRO SE
```

                                    FILED
                                    DEC 26 2019
                                    UNITED STATES BANKRUPTCY COURT
                                    SAN FRANCISCO, CA

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

IN RE:

ARTEM KOSHKALDA,

    DEBTOR.

CASE NO. 18-30016-HLB

CHAPTER 7

**MEMORANDUM OF POINTS AND AUTHORITIES ISO KOSHKALDA'S MOTION TO VACATE THE COURT'S VOID ORDER**

DATE:  JANUARY 30, 2020
TIME:  10:00 A.M.
PLACE:  COURTROOM 19
         450 GOLDEN GATE AVENUE
         SAN FRANCISCO, CA 94102

JUDGE:  HON. HANNAH L. BLUMENSTIEL

Page 1 of 8
MOP ISO KOSHKALDA'S MOTION TO VACATE ORDER

Case: 18-30016    Doc# 866-1    Filed: 12/26/19    Entered: 12/26/19 14:36:23    Page 1 of 8

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ............................................................................................................. 3

**BACKGROUND** ................................................................................................................................ 4
    1.    THE NV ACTION .................................................................................................................. 4
    2.    THE BANKRUPTCY ACTION ................................................................................................ 4

**LEGAL ARGUMENTS.** ................................................................................................................... 5
    3.    LEGAL STANDARD. ............................................................................................................. 5
    4.    THIS MOTION IS TIMELY FILED. .......................................................................................... 6
    5.    THE BANKRUPTCY COURT HAD NO AUTHORITY TO GRANT THE TRUSTEE'S APPLICATION TO EMPLOY COUNSEL WITHOUT A PROPER NOTICE OF HEARING AND A REASONABLE OPPORTUNITY TO RESPOND FOR ALL PARTIES AT INTEREST. ........................................................................................................... 6
    6.    THE BANKRUPTCY COURT'S ORDER GRANTING THE EMPLOYMENT APPLICATION IS VOID AS A MATTER OF LAW  7

**CONCLUSION.** ................................................................................................................................. 8

# TABLE OF AUTHORITIES

## CASES

Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186, 1191 (9th Cir. 2011) -------------------------- 7

Citicorp Mortg. v. Brooks (In re Ex-Cel Concrete Co.), 178 B.R. 198, 203 (B.A.P. 9th Cir. 1995) 5

In re Blumer 66 Bankr. 109, 113 (9th Cir. BAP 1986), affirmed 826 F.2d 1069 (9th Cir. 1987) --- 5

In re Center Wholesale, 759 F.2d 1440, 1448 (9th Cir. 1985) ----------------------------------------- 5, 7

In re Dinubilo, 177 B.R. 932, 941 n.15 (E.D. Cal. 1993). ------------------------------------------------- 7

In re Moberg, 112 Bankr. 362, 363 (9th Cir. BAP 1990) ----------------------------------------------- 5

Jorgenson v. State Line Hotel, Inc. (In re State Line Hotel, Inc.), 323 B.R. 703, 705 (B.A.P. 9th
   Cir. 2005) -------------------------------------------------------------------------------------------------------- 6

Nickels v. Wortham (In re Wortham), Nos. 03-05580-B13, 06-90159-PB, 2007 Bankr. LEXIS
   4784, at *1 (Bankr. S.D. Cal. Aug. 29, 2007) ---------------------------------------------------------- 6, 8

Tevis v. Wilke, Fleury, Hoffelt, Gould & Birney, LLP (In re Tevis), 347 B.R. 679 (B.A.P. 9th Cir.
   2006) -------------------------------------------------------------------------------------------------------------- 7

United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271, 130 S. Ct. 1367, 176 L. Ed. 2d
   158 (2010) ------------------------------------------------------------------------------------------------------ 5, 6

## STATUTES

Fed. R. Civ. P. Rule 60(b)(4) ---------------------------------------------------------------------------------- 5, 6

Fed. R. Bank. P. Rule 9014 ------------------------------------------------------------------------------------- 7

## BACKGROUND

### 1. *The NV Action.*[1]

On September 2016 the Epson[2] filed a lawsuit against about seventeen (17) defendants, including against Koshkalda's solely owned company ART LLC and Koshkalda[3] personally. The Epson alleged that defendants infringed the Epson's trademark. The case ended during discovery with case terminating sanctions against all defendants. **The case was never resolved on merits.**

### 2. *The Bankruptcy Action.*[4]

On January 5, 2018, Koshkalda petitioned for Chapter 11 reorganization bankruptcy protection for his solely owned company ART LLC and for himself.[5]

On January 16, 2018, after being notified about the Bankruptcy automatic stay by several parties, the NV District Court[6] issued a final judgment order for all defendants to be jointly and severally liable in the amount of $12,000,000, including against Koshkalda and ART LLC.[7]

On January 24, 2018, Koshkalda and ART LLC filed an appeal of the NV Action's final judgment order.[8]

On March 8, 2018, the Bankruptcy Court converted the Bankruptcy Action to Chapter 7 liquidation. The Trustee got appointed.[9] The same happened in ART LLC's case.

On March 20, 2018, the Trustee[10] filed *Application to Employ Fox Rothschild LLP as Counsel*[11] concurrently with *Declaration of Michael A. Sweet in Support of Trustee's Application to Employ Counsel as of*

---

[1] Case No. 3:2016-cv-00524, Seiko Epson Corporation et al v. Inksystem LLC et al (the "NV Action");
[2] Seiko Epson Corporation and Epson America, Inc. (collectively, the "Epson");
[3] Artem Koshkalda, petitioner herein (the "Koshkalda");
[4] Case No. 3:18-bk-30016, In Re Artem Koshkalda (the "Bankruptcy Action");
[5] Case No. 3:18-bk-30014 — In Re ART LLC; Case No. Case No. 3:18-bk-30016 — In Re Artem Koshkalda;
[6] United States District Court District of Nevada (the "NV District Court");
[7] Case No. 3:2016-cv-00524, Dkt. 304;
[8] Seiko Epson Corporation, et al v. Artem Koshkalda, et al, Case No. 2018-15124 (ca9);
[9] Dkt. 76;
[10] E. Lynn Schoenmann, chapter 7 trustee in the case No. 3:18-bk-30016 (the "Trustee");
[11] Dkt. 79;

*March 8, 2018*, in which Michael Sweet attested that *"Epson – Current client in unrelated matters."*[12] Among other things the Trustee requested the Bankruptcy Court not to serve its order granting the Trustee's Employment Application on any parties in interest:

> *13. The Applicant is informed and believes that this is a proper case for entry of an order without notice to creditors in that the matters to be ruled upon are purely administrative in nature and any fees paid or to be paid will be subject to court review following notice and a hearing.*[13]

On April 3, 2018, the Bankruptcy Court issued its *Order Authorizing Employment of Counsel*[14] which was not served on any parties in interest.

On October 15, 2019, Koshkalda filed his *Motion to Disqualify Fox Rothschild LLP and for Disgorgement of Fees.*[15] On December 19, 2019, the Bankruptcy Court issued it order denying the Koshkalda's motion.[16]

## LEGAL ARGUMENTS.

### 1. LEGAL STANDARD.

Rule 60(b)(4)[17] provides that a court may relieve a party from a final judgment if "the judgment is void." The Supreme Court has held that a void judgment is "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010).

If the notice requirement of the due process clause is not satisfied, the order is void. In re Center Wholesale, 759 F.2d 1440, 1448 (9th Cir. 1985); In re Moberg, 112 Bankr. 362, 363 (9th Cir. BAP 1990); In re Blumer 66 Bankr. 109, 113 (9th Cir. BAP 1986), affirmed 826 F.2d 1069 (9th

---

[12] Dkt. 79-1, 3:13;
[13] Dkt. 79, 5:6-8;
[14] Dkt. 87;
[15] Dkt. 688 — *MOP iso Debtor's Motion to Disqualify Fox Rothschild LLP and for Disgorgement of Fees;*
[16] Dkt. 848 — *Order Denying Debtor's Motion to Disqualify Fox Rothschild LLP and for Disgorgement of Fees;*
[17] Fed. R. Civ. P. 60(b)(4) is made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024 and provides for relief from a final order or judgment if the judgment is void.

Cir. 1987). Citicorp Mortg. v. Brooks (In re Ex-Cel Concrete Co.), 178 B.R. 198, 203 (B.A.P. 9th Cir. 1995).

As a matter of law, no legal rights can vest based upon a void order. Nickels v. Wortham (In re Wortham), Nos. 03-05580-B13, 06-90159-PB, 2007 Bankr. LEXIS 4784, at *1 (Bankr. S.D. Cal. Aug. 29, 2007).

A trial court will necessarily abuse its discretion by failing to set aside a void judgment. Although the language of Fed. R. Civ. P. 60(b)(4) appears to allow the court discretion, there is no discretion to refuse vacating a judgment if it is void. Jorgenson v. State Line Hotel, Inc. (In re State Line Hotel, Inc.), 323 B.R. 703, 705 (B.A.P. 9th Cir. 2005). (reversed on different grounds).

### 2. *This Motion is timely filed.*

Rule 60(b)(4)[18] provides that a court may relieve a party from a final judgment if "the judgment is void." The Supreme Court has held that a void judgment is "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010).

Here, the Debtor requests the Bankruptcy Court to vacate its March 20, 2018, Order Authorizing the Employment of the Fox as "void." The Federal Rules of Civil Procedure Rule (60)(b)(4) Motion has no time limitation[19] and can be raised even after judgment becomes final. (*"The Supreme Court has held that a void judgment is "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final."*) See United Student Aid Funds, Inc. v. Espinosa (citation omitted).

Therefore, this Motion is timely filed.

### 3. *The Bankruptcy Court had no authority to grant the Trustee's Application to Employ counsel without a proper notice of hearing and a reasonable opportunity to respond for all parties in interest.*

The Bankruptcy Court stated:

---

[18] Fed. R. Civ. P. 60(b)(4) is made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024 and provides for relief from a final order or judgment if the judgment is void.
[19] See FRCP Rule 60(c)(1);

| *Nothing in the Bankruptcy Code or Rules required service of the Employment Order.* |

The Bankruptcy Court is not correct. <u>*First*</u>, the "application" is the same as "motion." *("Appellant cites to no local rule delineating any difference in form or substance between "motions" and "applications"... and the words are generally considered synonymous."* See Black's Law Dictionary 1106 (9th ed. 2009) (defining *"motion"* as "[a] *written or oral application requesting a court to make a specified ruling or order*" (emphasis added)). <u>Barrientos v. Wells Fargo Bank, N.A.</u>, 633 F.3d 1186, 1191 (9th Cir. 2011).

<u>*Second*</u>, Federal Rules of Bankruptcy Procedure Rule 9014 expressly states that in a contested matter reasonable notice and opportunity for hearing shall be afforded, which the Bankruptcy Court clearly failed to comply with in this case.

*Pursuant to Federal Rules of Bankruptcy Procedure Rule 9014:*
*(a) In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and* **<u>reasonable notice and opportunity for hearing shall be afforded</u>** *the party against whom relief is sought...*
*(b) Service. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004 and within the time determined under Rule 9006(d). Any written response to the motion shall be served within the time determined under Rule 9006(d). Any paper served after the motion shall be served in the manner provided by Rule 5(b) F.R. Civ. P.*

<u>*Third*</u>, the Bankruptcy Court order contradicts the controlling case law in this Circuit. *("[L]aw firm could not have simultaneously represented clients with adverse interests, even on unrelated matters.").* <u>Tevis v. Wilke, Fleury, Hoffelt, Gould & Birney, LLP (In re Tevis)</u>, 347 B.R. 679 (B.A.P. 9th Cir. 2006).

<u>*Fourth*</u>, the employment of the counsel of the estate representing the creditor in other matters is a *"contested matter"* because it is highly disputable and by no means is just administrative. *("Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter.")* <u>In re Dinubilo</u>, 177 B.R. 932, 941 n.15 (E.D. Cal. 1993).

Thus, the Bankruptcy Court had no authority to conclude that the Employment Application of a counsel representing the creditor could have been granted without a proper notice and a hearing on all parties at interest.

### 4. *The Bankruptcy Court's order granting the Employment Application is void as a matter of law*

<u>A due process was violated</u> when the order was issued without holding a hearing and not serving a notice of hearing on parties in interest, thus the order is "void" under the controlling case

law in the Ninth Circuit "*If the notice requirement of the due process clause is not satisfied, the order is void.*" In re Center Wholesale, 759 F.2d 1440, 1448 (9th Cir. 1985).

Therefore, the Order Authorizing the Employment of the Fox and all subsequent orders derived from the void order are *void*.[20,21]

## CONCLUSION.

Based on the above-mentioned arguments the Debtor respectfully request the Bankruptcy Court to vacate its Order Authorizing Employment of the Fox Rothschild LLP as void.

*Pro Se*

DATED: December 26, 2019

By: *Artem Koshkalda*
Artem Koshkalda, Debtor

---

[20] As a matter of law, no legal rights can vest based upon a void order. Nickels v. Wortham (In re Wortham), Nos. 03-05580-B13, 06-90159-PB, 2007 Bankr. LEXIS 4784, at *1 (Bankr. S.D. Cal. Aug. 29, 2007).

[21] Bottom line is that this situation should never have happened if the Trustee would have done her job and fulfilled her statutory and fiduciary duties and the Fox would not be proposed to be employed.