MICHAEL A. SWEET (SBN 184345)
msweet@foxrothschild.com
JACK PRAETZELLIS (SBN 267765)
jpraetzellis@foxrothschild.com
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, California 94104
Telephone: (415) 364-5540
Facsimile: (415) 391-4436

Attorneys for
E. Lynn Schoenmann, Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ARTEM KOSHKALDA,<br><br>Debtor. | Case No. 18-30016-HLB<br><br>Chapter 7<br><br>**TRUSTEE'S MEMORANDUM IN OPPOSITION TO DEBTOR'S MOTION TO VACATE AND COUNTER MOTION FOR A PRE-FILING ORDER**<br><br>Date: January 30, 2020<br>Time: 10:00 a.m.<br>Place: Courtroom 19<br>450 Golden Gate Ave., 16th Floor<br>San Francisco, CA 94104<br><br>Judge: Honorable Hannah L. Blumenstiel |

-1-

# I. INTRODUCTION

Debtor Artem Koshkalda moves for an Order Vacating the Bankruptcy Court's order employing counsel for his Chapter 7 Trustee. The basis for his Motion is that the Employment Order was entered without notice, and that this violates the notice provision of the due process clause. The Bankruptcy Court's December 19, 2019 Order Denying Mr. Koshkalda's Motion to Disqualify Trustee's Counsel explicitly addressed this argument:

> Mr. Koshkalda also complains that the Employment Order was not served on anyone, (but by no means clearly arguing) that this somehow justifies the relief he demands. Once again, Mr. Koshkalda is mistaken. Nothing in the Bankruptcy Code or the Rules required service of the Employment Order. And Mr. Koshkalda conveniently ignores the fact that his then-counsel would have received service of the Employment Order via the court's CM/ECF system.

[Doc # 848 at 5:10-17.] Not only does Mr. Koshkalda's Motion to Vacate lack legal and evidentiary support, the Court's Order entered less than a week before he filed the Motion explicitly forecloses the argument made in the Motion. The Motion to Vacate should be denied.

Furthermore, throughout this Bankruptcy Case generally (and the associated adversary proceedings), Mr. Koshkalda has filed motions without regard to whether his positions have factual or legal support. This latest Motion to Vacate is a continuation of his vexatious conduct. The Trustee therefore requests the Court enter a pre-filing order, prohibiting Mr. Koshkalda from filing any further motions without first obtaining leave of court.

# II. ARGUMENT

## A. Mr. Koshkalda's Motion to Vacate Should Be Denied

Mr. Koshkalda's Motion to Vacate asserts the Bankruptcy Court's order employing trustee's counsel is "void" for failure to satisfy the notice requirement of the due process clause. [Doc # 866-1 at 7-8.] The Bankruptcy Court's order denying Mr. Koshkalda's motion to disqualify addressed this issue, noting that the employment application was served on *more* persons than required, and that the order itself was served on Mr. Koskalda's counsel. [Doc # 848 at 4-5.]

///

///

1   Mr. Koshkalda's Motion also claims the Bankruptcy Court's order employing trustee's
2   counsel is void because it was entered "without proper notice of hearing and a reasonable
3   opportunity to respond for all parties in interest." [Doc # 866-1 at 6.] The brief then asserts that
4   the employment order is a contested matter. *Id.* at 7. Certainly, the Bankruptcy Court has the
5   authority to hold a hearing on an employment application, but an employment application that
6   garners no objections does not create a contested matter that *requires* a hearing. *See In re Crest
7   Mirror & Door Co., Inc*., 57 B.R. 830, 831 (B.A.P. 9th Cir. 1986) ("Neither Title 11 nor the
8   Bankruptcy Rules expressly require a noticed hearing on an application to employ a professional
9   under 11 U.S.C. § 327(a). However, it should require no citation of authority to state that the
10  bankruptcy judge may require a noticed hearing of any application.").

Mr. Koshkalda's Motion to Vacate should be denied. It rehashes the arguments made – and rejected – in the order denying Mr. Koskalda's motion to disqualify.

### III. COUNTER MOTION FOR A PRE-FILING ORDER AGAINST MR. KOSHKALDA AS A VEXATIOUS LITIGANT AND FOR COSTS, EXPENSES AND ATTORNEYS' FEES

The Trustee respectfully requests and moves in this counter-motion that the Court enter a pre-filing order against Mr. Koshkalda, as a vexatious litigant and sanction him for his vexatious conduct. The basis for the counter-motion is that in light of Mr. Koshkalda's filings in his bankruptcy case and the adversary proceedings, a pre-filing order should be entered against him requiring that he obtain court-permission before being permitted to file any further papers in this bankruptcy case, as further explained below.

**A. Argument**

**1. Pre-filing Order Governing Law**

Federal courts have the inherent power to enter pre-filing orders against vexatious litigants. 8 U.S.C. § 1651(a); *Molski v. Evergreen Dynasty Corp*., 500 F. 3d 1047, 1057 (9th Cir. 2007). That power extends to bankruptcy courts. 11 U.S.C. § 105(a); *In re Lakusta*, 2007 WL 2255230, *3 (N.D. Cal. Aug. 3, 2007). The Trustee admits that "[p]re-filing orders are an extreme remedy that should rarely be used[,]" but submits that such an order is appropriate in this case. *Molski*, 500 F.3d at 1057. "Flagrant abuse of the judicial process cannot be tolerated

-3-

because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id*. (omitting quotation/citation). In the Ninth Circuit, before a court may enter a pre-filing order, the court must (1) give notice to the litigant and an opportunity to be heard before the order is entered; (2) compile an adequate record for review; (3) make substantive findings regarding the frivolous or harassing nature of the plaintiff's litigation; and (4) narrowly tailor the pre-filing order to closely fit the specific vice encountered. *Id*. Each of those four elements can be (or are) met here.

### 2. A Pre-filling Order Should Be Entered Against Mr. Koshkalda

**Mr. Koshkalda Will Have Adequate Notice.** The Trustee serves this counter-motion, with a request for a pre-filing order, on Mr. Koshkalda; Mr. Koshkalda may file a written response, and will (presumably) have an opportunity to oppose the request at a hearing. That gives Mr. Koshkalda a fair notice of the possibility that he may be declared a vexatious litigant and have a pre-filing order entered against him. *See Molski*, 500 F.3d at 1058-59.

**There Is/Will Be An Adequate Record For Review**. An adequate record for review "should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Molski*, 500 F.3d at 1059 (omitting quotation/citation). The Trustee lists such motions below.

**The Court Has Sufficient Evidence to Conclude Mr. Koshkalda's Actions are Frivolous or Harassing.** To decide whether a litigant's actions are frivolous or harassing, the court must "look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims…The plaintiff's claims must not only be numerous, but also patently without merit." *Molski*, 500 F. 3d at 1059. In his Bankruptcy Case, Mr. Koshkalda has filed numerous motions without merit, requests to reconsider denials of those motions, and that is on top of the enormous number of similar motions filed in the Seiko Epson Adversary Proceeding (Adv. Proc No. 18-03020) ("Seiko Epson AVP"). The Trustee respectfully requests the Court issue a pre-filing order to curb Mr. Koshkalda's relentless filings.

Record of Mr. Koshkalda's Motions:

-4-

- Motion to Remove Trustee [Doc # 397 (motion); Doc # 458 (order); court "attribute[d] [Mr. Koshkalda's] motion to that understandable ignorance of the law and legal procedure." Doc # 463 at 14:11-12.]
- Motion to Compel Abandonment of the Rights to Collect All Monthly Rent Payments Never Turned Over to Koshkalda's Estate by Epson [Doc # 619 (motion); Doc # 625 (order) (court "concluded that Mr. Koshkalda's allegations [regarding Seiko Epson withholding from the Trustee rent collected from tenants] were baseless [when made in the Seiko-Epson Adversary Proceeding]. That conclusion applies to this Motion as well." Doc # 625 2:16-18.]
- Motion to Reconsider Order Approving Trustee's Compromise with 5 Arch [Doc # 654 (motion); Doc # 655 (denial based on procedural defects)]
- Motion to Reconsider Order Approving Trustee's Compromise with 5 Arch. [Doc # 656 (motion); Doc # 722 at 3:23-4:1 (order) (concluding "Mr. Koshkalda had an opportunity to raise all of his arguments prior to entry of the Order and in fact did so.")]
- Motion to Disqualify Fox Rothschild [Doc # 688 (motion); Doc # 848 (order)]
- Motion to Reconsider Orders Approving Trustee/Trustee's counsel's compensation [Doc # 747 (motion); Doc # 754 (order)]
- Motion to Abandon Claims Against Epson [Doc # 765 (motion); Doc # 794 (order) (denied because Mr. Koshkalda did not identify the claims he sought to abandon)]
- Motion to Lift Stay of this Adversary Proceeding [Trustee's Adversary Proceeding against Debtor, Adv. Proc. No. 18- 03059 at Doc # 25 (motion); *id*. at Doc # 29 (order)]

Mr. Koshkalda has filed the following motions yet to be ruled on but that also demonstrate his vexatious conduct:

- Motion for Reconsideration of Denial Motion to Abandon Claims against Epson [Doc # 811] set for January 9, 2020 (seeking reconsideration of the Court's denial of motion to abandon unspecified claims).
- Motion for Leave to Sue Trustee and Fox and for Trustee's Removal [Doc # 828] set for February 6, 2020 (premised on theories rejected in the Court's Order denying his Motion to Disqualify Trustee's Counsel [*See* Doc # 848]).
- Motion for Reconsideration of Denial of Motion to Disqualify Fox Rothschild LLP, etc. set for January 30, 2020 [Doc # 874]

As the Court is aware, Mr. Koshkalda's filings are not limited to the Bankruptcy Case and the Trustee's Adversary Proceeding, but also consist of numerous filings in the Seiko Epson Adversary Proceeding.[1]

The Ninth Circuit has cited a five-factor test that the Second Circuit has articulated as a "helpful framework" in evaluating a request for a pre-filing order: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Molski*, 500 F. 3d at 1058, *citing Safir v. United States Lines, Inc.*, 792 F. 2d 19, 24 (2d Cir. 1986); *In re Stanwyck*, 450 B.R. 181, 200 (C.D. Cal. 2011). These factors, too, weigh in favor of a pre-filing order:

- The Court best knows the true scope of the impact of Mr. Koshkalda's filings on the Court. But, the Trustee, at least, has expended fees and resources in opposing

---

[1] *See, e.g.*, Seiko Epson AVP Doc # 133 at 2: 21-22 (Fourth Order Regarding Discovery Dispute, "The court also believes that Mr. Koshkalda's conduct is becoming abusive."); Seiko Epson AVP Doc # 479 (Order Denying Defendant's Motion to Reconsider, Alter, Or Amend Order Denying Motion to Strike where court notes that "Other arguments [Mr. Koshkalda] raises are flatly incorrect."); Seiko Epson AVP Doc # 459 (denial of discovery motion filed after entry of judgement).

-6-

Mr. Koshkalda's motions, and has observed Mr. Koshkalda's use/misuse of this Court's limited resources.

- Other sanctions, including case terminating sanctions in Nevada[2] and this Court's order of issue, evidentiary, and monetary sanctions against Mr. Koshkalda in the Seiko Epson proceeding,[3] did not curb Mr. Koshkalda's vexatious conduct in those circumstances.

- Although Mr. Koshkalda's *pro se* status affords him some deference, it does not excuse his abuse of the judicial process. *In re Stanwyck*, 450 B.R. at 205; see also Seiko Epson AVP Doc # 265 (in the order finding Mr. Koshkalda in contempt, the bankruptcy court noted "despite the fact that Mr. Koshkalda is not represented by counsel, has proven himself a sophisticated and capable litigant.").

**A Pre-filing Order Against Mr. Koshkalda Can Be Narrowly Tailored**.

Mr. Koshkalda's files baseless and repetitive motions, without regard (or perhaps, with malicious regard) to the resultant resource drain on the Court and the Estate. The Trustee therefore requests the Court enter a limited pre-filing order narrowly tailored to addressing that conduct—preventing Mr. Koshkalda from filing any further motions, in the bankruptcy case or the Trustee's adversary proceeding against him, without prior leave the Court, thus conserving judicial and estate resources.

**A Pre-filing Order Against Mr. Koshkalda will Assist in Preserving Remaining Estate Resources**[4]

---

[2] Case No. 3:16-cv-00524-RCJ in the United States District Court for the District of Nevada. On December 27, 2019, the Ninth Circuit Court of Appeals issued an unpublished memorandum affirming, in all respects, the default judgment entered by the Nevada District Court against Mr. Koshkalda (and others). *Seiko Epson Corp. v. Koshkalda*, 2019 WL 7209827 (9th Cir. Dec. 27, 2019) attached to the Declaration of Jack Praetzellis as Exhibit 1.

[3] Seiko Epson AVP at Doc ## 265 (contempt order), 441 (judgement imposing monetary sanctions on contempt order).

[4] The Trustee previously sought sanctions against Mr. Koshkalda, which the court denied. [Doc ## 431 at 7-9, 458.] In the event the Court is not inclined to enter a pre-filing order, the Trustee reiterates the request for monetary sanctions.

28 U.S.C. § 1927 provides that: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Under Ninth

Case: 18-30016    Doc# 888    Filed: 01/02/20    Entered: 01/02/20 17:46:06    Page 7 of 9

Since the outset of this case the Trustee has sold nearly five million dollars in real estate and collected over $200,000 in settlements with developers to whom Koshkalda had made security deposits.

Much of the estate expenses (and the vast majority since early 2019) have been legal fees incurred for counsel responding to Koshkalda's serial filings and threats. In fact, by mid-2019 the Trustee had only been waiting for the completion of the Epson nondischargeability action before closing the case. Meaning all continuing expenses incurred since that time have been caused by Mr. Koshkalda's vexatious conduct.

Furthermore, Mr. Koshkalda has begun to appeal from virtually every adverse ruling in his Bankruptcy Case – regardless of whether or not any particularly order is a final order subject to appeal and without filing a motion for leave to file an interlocutory appeal.[5] Most recently, Mr. Koshkalda filed a petition for writ of mandamus with the Ninth Circuit Court of Appeals over the denial of his Motion to Disqualify (along with filing an appeal to the BAP). [Doc ## 861 (writ petition) and 848 (BAP appeal).]

By imposing a framework that protects the Estate from unnecessary legal fees the Court

---

Circuit law, section 1927 may be used to impose costs and attorneys' fees on pro se litigant. *See, e.g., Wages v. I.R.S.*, 915 F.2d 1230, 1235–36 (9th Cir. 1990) (citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 699 F.2d 484, 485–86 (9th Cir. 1983) (cert. denied), 465 U.S. 1080, 104 S.Ct. 1445, 79 L.Ed.2d 765 (1984)). Relief under 28 U.S.C. § 1927 requires a finding of bad faith, which is a subjective standard that may be met with knowing or reckless conduct. *See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 118 (9th Cir. 2000). The Court also has inherent powers to impose sanctions for vexatious conduct. *See In re Rainbow Magazine, Inc.*, 77 F.3d 278, 283-84 (9th Cir. 1996).

Mr. Koshkalda filed this Motion based on arguments rejected by the Bankruptcy Court in its order denying the disqualification motion. Moreover, Mr. Koshkalda – again – deliberately, argues that the employment order was issued without notice to the parties in interest when trustee's counsel, and the Bankruptcy Court have repeatedly reminded Mr. Koshkalda that trustee's counsel served more persons than required by the Bankruptcy Rules and that the employment order was served on his counsel via the court's CM/ECF system. [*Compare* Doc # 848 at 4-5 *with* Doc # 866-1 at 6-8.]

[5] Mr. Koshkalda did not file motions for leave to file an interlocutory appeal in connection with his appeals from the Court's Orders Approving Compensation to the Trustee, Trustee's counsel, and Trustee's Accountant, and his Motion to Lift the Stay of the Trustee's adversary proceeding. The BAP issued an order in the related appeals from the Trustee and her counsel's interim compensation orders requiring Mr. Koshkalda explain why the orders were subject to immediate appeal. [*See, e.g.*, BAP No. NC-19-1288 at Document 3 attached to the Praetzellis Declaration as Exhibit 2.] No similar orders have issued in the appeals from the Trustee's accountant's interim compensation order or the motion to lift the stay of the trustee's adversary proceeding.

-8-

can improve the likelihood that the Trustee will have something to distribute to creditors upon the completion of this case (and the resolution of Mr. Koshkalda's numerous appeals).

**The Proposed Pre-filing Framework**

The Trustee suggests the following framework to be imposed before Mr. Koshkalda is permitted to file further documents:[6]

1. Mr. Koshkalda is to file an application seeking leave to file that attaches the proposed document to be filed and a copy of the pre-filing order.

2. The application must be supported by a declaration that the matters asserted have not previously been raised and disposed of by any court; that the claim or claims are not frivolous, made in bad faith, or for the purpose of harassment; and that the applicant has conducted a reasonable investigation of the facts, and the investigation supports the claims or allegations.

3. The declaration must be based on admissible evidence and the declaration must detail the basis for the factual claims or allegations.

## IV. CONCLUSION

The Debtor's Motion to Vacate should be denied. The Court already addressed and rejected the arguments raised in the Motion when the Court denied Mr. Koshkalda's Motion to Disqualify Trustee's Counsel. This Motion, like many of Mr. Koshkalda's motions before it, lacks legal and factual merit and should be denied.

Furthermore, the Trustee's counter-motion for a pre-filing order should be granted. Mr. Koshkalda's abusive filings should be curbed by imposing reasonable limits on his filings.

Dated: January 2, 2020　　　　　　　　　　　　FOX ROTHSCHILD LLP

By: */s/ Michael A. Sweet*
　　Michael A. Sweet
　　Attorneys for Trustee, E. Lynn Schoenmann

178114\00001\106399564.v3

---

[6] The Trustee suggests that a single exception to the pre-filing order be that Mr. Koshkalda may file a notice of appeal from the Court's issuance of the pre-filing order.

-9-